IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRANDON MOYE, SR., | Case No. 3:16-cv-00760-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| EMPLOYMENT DEPARTMENT, | |
| Defendant. | |

**BECKERMAN, Magistrate Judge.**

Now before the Court is Brandon Moye, Sr.'s ("Plaintiff") application to proceed *in forma pauperis*. The Court has screened Plaintiff's complaint for legal sufficiency pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, the Court grants Plaintiff's application to proceed *in forma pauperis* (ECF No. 1), but recommends that the district judge dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

///

///

Page 1 - FINDINGS AND RECOMMENDATION

**BACKGROUND**

Plaintiff, a resident of Oregon, brings the present action against the State of Oregon Employment Department ("Defendant"). (*See* Compl. at 1-2.) The complaint alleges that (1) Plaintiff used to work for an Oregon-based organization called Give Us This Day; (2) Plaintiff "mistakenly" claimed unemployment benefits after he stopped working at Give Us This Day; (3) Plaintiff repaid the unemployment benefits that Defendant improperly awarded, but did not receive full credit for doing so and now owes additional money due to accrued interest; (4) Defendant owes "a lot of back pay benefits" to Plaintiff; and (5) an individual named Mary Holden ("Holden") is in "[c]ahoots" with Defendant regarding Plaintiff's case. (Compl. at 3.) The complaint also alleges that Governor Kate Brown forced Holden to close Give Us This Day and "a lot of investigations have started [and] this case needs to be investigate[d] also." (Compl. at 3.) In terms of relief, Plaintiff appears to ask the Court to declare that his "penalty week was served," and to award the "back week benefits claimed." (Compl. at 5.)

**LEGAL STANDARD**

A district court must perform a preliminary screening of an *in forma pauperis* complaint and dismiss any claims that fail to state a claim upon which relief may be granted, are frivolous or malicious, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (stating that § 1915(e)(2)(B) applies to non-prisoners); *Preciado v. Salas*, No. 13–cv-0390, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*.").

In order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a *pro se* litigant, the court must liberally construe the pleading and accept as true all of the factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, stating a claim requires "the plaintiff [to] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A district court may dismiss a claim as factually frivolous when the facts alleged "lack[] an arguable basis in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or when they "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (citation omitted). The court may also dismiss a claim as frivolous if a defense is obvious on the face of the complaint. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984) (citation omitted).

## DISCUSSION

The Court concludes that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction based on Defendant's sovereign immunity.

In *Bistrika v. Oregon Employment Department*, No. 3:13-cv-0061-PK, 2013 WL 3047032 (D. Or. June 17, 2013), the plaintiff, appearing *pro se* and *in forma pauperis*, brought claims against the Oregon Employment Department that arose "in connection with efforts by the [defendant] to

recoup unemployment benefits that it paid out to [the plaintiff] in error." *Id*. at *2. The *Bistrika* court observed that a state governmental body may not be sued without its consent:

> That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that *the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given*: not one brought by citizens of another State, or by citizens or subjects of a foreign State, because of the Eleventh Amendment; and not even one brought by its own citizens, because of the fundamental rule of which the Amendment is but an exemplification.

*Id*. (citation omitted). Finding "no evidence or indication that Oregon has waived its immunity to permit suits such as [the plaintiff's] to proceed against it," the *Bistrika* court granted the Oregon Employment Department's motion to dismiss the complaint for lack of subject matter jurisdiction. *Id*. at *3; *see also Quillin v. Oregon*, 127 F.3d 1136, 1138 (9th Cir. 1997) ("[I]n the absence of waiver by Oregon of its Eleventh Amendment immunity, federal courts lack jurisdiction to review" claims against it).

This Court concludes that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction based on Defendant's sovereign immunity. Like the plaintiff in *Bistrika*, Plaintiff brings a claim against Defendant that arises out of actions it took while attempting to recoup unemployment benefits that Defendant paid to Plaintiff in error. (Compl. at 3.) There is no evidence or indication that Oregon has waived its sovereign immunity to permit this type of lawsuit to proceed against it. *See Bistrika*, 2013 WL 3047032, at *2 (reaching the same conclusion); *see also Quillin*, 127 F.3d at 1139 (affirming dismissal of case for lack of subject matter jurisdiction based on Oregon's Eleventh Amendment immunity from suit in federal court). Accordingly, the district judge should dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated, the Court grants Plaintiff's application to proceed *in forma pauperis* (ECF No. 1), and recommends that the district judge dismiss Plaintiff's complaint with prejudice and enter final judgment.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 20th day of June, 2016.

_____
STACIE F. BECKERMAN
United States Magistrate Judge